UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Luis P., <br><br> Petitioner, <br><br> v. <br><br> Pamela Jo Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; <br><br> Respondents. | File No. 26-CV-1316 (JMB/DLM) <br><br><br> **ORDER** |

Sly Onyia, Onyia Law LLC, Minneapolis, MN, for Luis P.

David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd Lyons, and David Easterwood.

This matter is before the Court on Petitioner Luis P.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241. (Doc. No. 2 [hereinafter, "Pet."].) Respondents Pamela Bondi, Kristi Noem, Todd Lyons, and David Easterwood (together, Respondents)

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

1

are named in the Petition.  For the reasons explained below, the Court grants the Petition in part.

### FINDINGS OF FACT[2]

1. Luis P. is a citizen of Ecuador who has lived in the United States since March 2022.  (Pet. ¶ 43.)  On February 8, 2026, Immigration and Customs Enforcement (ICE) detained Luis P. in Minnesota.  (*Id.* ¶ 45.)  ICE entered the garage at Luis P.'s home while he was working to detain him inside the garage.  (*Id.* ¶ 4.)

2. Luis P. alleges that there was no warrant—either judicial or administrative—for this arrest.  (*Id.* ¶¶ 45–46.)  Respondents had no judicial or administrative warrant to enter Luis P.'s private residence, including his garage.

3. At some point, Respondents transported Luis P. to El Paso Camp East Montana.  (*Id.* ¶ 47.)

4. Luis P. filed his Petition on February 9, 2026.  (Pet.)  He asks the Court to immediately release him from custody.  (*Id.* at 23.)[3]

5. On February 9, 2026, the Court ordered Respondents to respond to the Petition by February 11, 2026, at 11:00 a.m. CT "certifying the true cause and proper

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted.  *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

[3] The Court concludes that any transfer of Luis P. outside of Minnesota after the initiation of this proceeding does not deprive this Court of jurisdiction over his habeas petition.  *See Weeks v. Wyrick*, 638 F.2d 690, 692 (8th Cir. 1981).

duration of Petitioner's confinement and showing cause as to why the writ should not be granted in this case," including providing any supporting documentation that may be needed to establish the lawfulness of Luis P.'s arrest and addressing whether the absence of a warrant preceding Petitioner's arrest necessitates immediate release.  (Doc. No. 3.)

## DISCUSSION

Respondents generally oppose the Petition, explaining that it raises issues similar to those in prior habeas petitions, including one pending appellate review (*see Avila v. Bondi*, No. 25-3248 (8th Cir.)).  (Doc. No. 8.)  Respondents then incorporate by reference all of the arguments raised in the *Avila* appeal and request denial of the petition.  (*Id.*)  In this way, Respondents reiterate their argument that the detention of petitioners similarly situated to Luis P. is mandatory pursuant to 8 U.S.C. § 1225(b).  As this Court has previously concluded, however, Respondents' interpretation lacks merit.

Additionally, Respondents attach an administrative warrant dated February 8, 2026 (Doc. No. 8-1), and they contend that this warrant alternatively authorizes detention. However, this warrant lacks an affidavit explaining its authenticity and other necessary details.  Furthermore, Respondents fail to address Luis P.'s argument that Respondents violated the Fourth Amendment when they entered his private home without a warrant.[4] For these reasons, the Court grants the Petition in part and orders immediate release.

---

[4] *See Rodriguez-Quiroz v. Lynch*, 835 F.3d 809, 822 n.6 (8th Cir. 2016) (noting that the government waived an argument by failing to raise it in an immigration appeal); *see also Estephanny P. v. Bondi*, No. 26-CV-198 (ECT/JFD), Doc. No. 10, at *3 (D. Minn. Jan. 15, 2026) (citing *Doe v. Mayorkas*, No. 22-cv-752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sep. 23, 2022) (concluding that failure to respond is an express waiver of those arguments or claims)).

### A. Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B. Interpretation of Section 1225

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across

the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under section 1225(b). This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking." Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention. To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929). In this case, Luis P. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

5

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws. Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA). The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes. *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii). But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

Therefore, the Court concludes that Luis P.'s detention is governed by section 1226(a), and he is not subject to section 1225(b).

### C.  Violations of the Fourth Amendment

The Court separately finds that Respondents' arrest of Luis P. violated the Fourth

Amendment. To arrest him, Respondents forcibly entered Luis P.'s home without his consent and without a judicial warrant. (Pet. ¶¶ 4–5, 10, 45.) This entry violated the Fourth Amendment, and Respondents provide no evidence to the contrary. *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018–19 (9th Cir. 2008) (citing *Camara v. Mun. Ct. of San Francisco*, 387 U.S. 523, 534 (1967)). For this independent reason, Luis P.'s detention is unlawful, and the Court orders his immediate release.

### D. Remaining Independent Grounds for Relief

Moreover, the Court also grants the Petition and orders release for another independent reason. Because section 1226(a) applies, an administrative arrest warrant was a prerequisite to Luis P.'s detention. *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). Although Respondents attach an administrative arrest warrant dated February 8, 2026, Respondents provide no additional information or any affidavit explaining the attached document's authenticity or, crucially, when it was signed. Absent any factual information that the arrest warrant was signed prior to Luis P.'s arrest—and not after the fact—the Court cannot conclude that his arrest complied with the requirements of section 1226(a). Likewise, Respondents do not provide any underlying affidavit or application for the administrative warrant. Absent such information, the Court cannot conclude that the

7

administrative warrant was valid. Consequently, on this independent basis, the Court grants the Petition and orders Luis P.'s immediate release.[5]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT the Petition (Doc. No. 2) is GRANTED, as follows:

1. Respondents are ORDERED to release Petitioner Luis P. from custody immediately in Minnesota without conditions, and in any event on or before 4:00 p.m. CT on February 13, 2026. Respondents are further ordered to provide advance notice to Petitioner's Counsel of the time and location of the release.

2. On or before 11:00 a.m. CT on February 16, 2026, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in Minnesota without conditions in accordance with this Order. Counsel shall also file a declaration on or before 11:00 a.m. CT on February 16, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).

3. Luis P. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4. To the extent Petitioner seeks relief beyond an order requiring release or an order requiring a bond hearing, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 12, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court

---

[5] Given its decision to grant the Petition, the Court need not address the remaining counts in the Petition.